# CHARLESTON

## MORRIS v. BALLOT COMMISSIONERS.

Submitted October 22, 1912.    Decided November 12, 1912.

ELECTIONS—*Certificate of Nomination—New Party.*

Qualified voters may by certificate nominate a candidate for public office for a place on the party election ticket of a party not participating in the last election, and thus not entitled to· nominate by primary election or convention, though such voters are persons whose past political proclivities attached them to another competing party. It is the duty of ballot· commissioners to put the name of such candidate on the ticket or column assigned to such new party on the ballot sheet to be used in the election, for the office for which he was nominated.

(POFFENBARGER, JUDGE, absent).

Application by P. D. Morris and others for a writ of mandamus to W. J. Postlethwait, clerk, and others.

*Writ Awarded.*

*Thos. H. Cornett* and *Thos. P. Jacobs*, for petitioners.

BRANNON, PRESIDENT:

This is a petition by P. D. Morris and other voters of Wetzel county for a writ of *mandamus* to compel the ballot commissioners of that county to place the name of Morris on the ballot sheet to be used at the general election to be held on the 5th day of November, 1912, in the column of that sheet assigned to the Progressive Party.

The Progressive Party is a new party, which did not exist at the date of the last general election, having been organized by a national convention assembled at Chicago in August, 1912. It has an organization in this state and also its counties, having state and other subordinate committees, among them committees in the counties of Wetzel, Tyler and Doddridge, and a committee for the judicial circuit composed of those counties. The Progressive Party adopted as a device or emblem a picture of Theodore Roosevelt, and as a legend "Theadore Roosevelt," to be printed at the head of the Progressive Party's column on the ballot sheet for the coming election. Preparatory to the coming election voters of those counties filed with the clerks of the circuit courts of those three counties, they being members of the ballot commissioners, certificates nominating persons as candidates for various offices on the ticket of the Progressive Party; but they did not nominate any one for judge of that circuit. There was no candidate for that office on the Progressive Party ticket. In this state of things voters in the circuit signed certificates nominating P. D. Morris as a candidate for that judgeship on the Progressive ticket, and filed them with the circuit court clerks of those counties. His name was placed on the Progressive ticket in Tyler and Doddridge counties; but the ballot commissioners of Wetzel county, upon a protest by persons claiming to be Progressive, refused to put his name on the Progressive Party ticket in Wetzel county. The return or answer to the *mandamus nisi* in this Court states that these certificates nominating Morris for judge do not represent truly the Progressive Party; that a majority of those signing them are not members or supporters of the Progressive Party, but are active and zealous Republicans, seeking in this way to secure the votes of Progressives for a Republican candidate; that they are enemies to the Progressive Party and its

principles and candidates; that those signers wrongfully adopted in their certificates nominating Morris the device and legend of the Progressive Party; that Morris is not a Progressive, but a Republican and the regular nominee for judge of the Republican Party.

The Progressive Party being a new party casting no vote at the last election, its committees are not known to the law as competent to call conventions or primary elections for nomination of candidates, because the statute confines those two modes of nomination to parties casting at the last election three per cent of the entire vote of the state, or subdivision of the state for which nominations are made. Code of 1906, ch. 3, secs. 18 and 19. Hence, while the Progressive Party has full right to participate in the election by presenting candidates to the people, it cannot do so by primary election or convention. But the Progressive Party or any other new party are voters and not shut out from presenting candidates for popular verdict. Section 24 says: "Candidates for public office may be nominated otherwise than by conventions or primary elections. In such case, a certificate shall be signed by the voters resident within the State, district or political division for which the candidate is presented, to a number equal to one per cent of the entire vote cast at the last preceding election in the State, circuit, district, county or other division for which the nomination is made. * * * Such certificate shall state the name and residence of each of such candidates; that he is legally qualified to hold such office; that the subscribers desire and are legally qualified to vote for such candidates; and may designate, by not more than five words, a brief name of the party or principle which said candidates represent." This right to present candidates to the voters is by the statute plainly clear. It would seem to clearly allow those voters who signed the certificates involved in this case the right to do so. What is the objection interposed to their so doing? The answer says that the signers of that certificate, presenting the name of Morris for judge, are not sincere Progressives, but are Republicans seeking in this way to get for Morris Progressive votes; alleging this to be a scheme of fraud to do so. This is the immaterial defense presented by the return of the board. It says, in fact, that no one but a

Progressive can sign a certificate to place a candidate's name on the ballot of the Progressive Party; that no one but a Democrat can sign a certificate to fill the vacant place on the Democratic ballot. We cannot concur in this construction of the statute. It narrows the right of voters to present candidates for popular suffrage. Read the statute. From the quotation above it will be seen that it declares that candidates may be nominated otherwise than by convention or primary. A broad right given to voters, a very essential one. They should have the right to present names for popular approval. Being given such right it says that a certificate shall be signed by voters. It does not say what voters; it does not say that they must be voters of any particular party, but the power to sign a certificate of nomination is given to voters generally. It only requires that they be voters, and that they desire and are legally qualified to vote for the candidate. It does not say that they must belong to any party. The certificate by which they name a candidate, found in the statute, prescribes in its form that the signing voters make the nomination of a certain person for a certain office, "and that we desire, and are legally qualified, to vote for said candidate." It requires the certificate to give the name of the party or principle which said candidate represents. This gives those voters signing the certificate the right to designate the party or principle, to characterize their nomination. It gives the right for them to specify the party or principle represented by the candidate. Why may they not choose the device or emblem of a particular party, or of a new party, thereby designating the party or principle sought to be subserved? If their purpose is to further the principles of an existing party, rather than to create a new party or specify a new principle, why should they not be permitted to designate the Republican, Democratic or Progressive Party by using the emblem of one of those parties? How shall we know that these Republican signers are still Republicans  They may have left their party either permanently or temporarily, as many have done. When they have said by their certificate of nomination that they desire to vote for the person whom they nominate, how shall we say that they do not desire to do so and will not do so? We hold that we cannot reject their certificate of nomi-

nation on that account. It is no fraud in a legal point of view for a quondam Republican or Democrat to sign a certificate to fill a vacant place by nomination on the ticket of the party which he has in the past opposed. He has a right to change his mind. The statute makes no such tests of right to those nominating by certificate. In this case the place of judge on the Progressive ticket was vacant. If there had been a nomination for it by convention or primary the case would be different. We are not saying whether or not a court on such an application could condemn a nomination by certificate for fraud; but we say that though the signers had been Republicans in the past, that fact constitutes no such fraud as would justify the condemnation by this Court of their certificate.

*Mandamus* awarded.

*Writ Awarded.*